## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MARY INGRAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:18-cv-03103-ELR-WEJ** |
| **BUFORD CITY SCHOOL DISTRICT,** | ) | |
| **GEYE HAMBY, in his individual** | ) | |
| **and official capacities, and KALEEN** | ) | |
| **PULLEY, in her individual and official** | ) | |
| **capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' ANSWER

COME NOW, Buford City School District ("BCSD"), Geye Hamby and Kaleen Pulley, collectively Defendants in the above-referenced case, and file this Answer to Plaintiff's Complaint for Damages and Equitable Relief. Defendants show this honorable Court as follows:

## FIRST DEFENSE

Plaintiff's Complaint and each of its causes of action fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants show that Plaintiff was not deprived of any constitutionally protected rights, nor did Defendants violate the rights of Plaintiff under any laws of the United States.

## THIRD DEFENSE

The claims and allegations in Plaintiff's Complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation alleged therein does not rise to the level of a constitutional tort.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.

## FIFTH DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided for by statute.

## SIXTH DEFENSE

Conduct of Defendant Hamby and Defendant Pulley named in their individual capacities did not violate any clearly established statutory or

constitutional right of which a reasonable person would have known and hence they enjoy qualified and good faith immunity.

## SEVENTH DEFENSE

All actions taken with respect to the Plaintiff were for legitimate, non-discriminatory and non-retaliatory reasons.

## EIGHTH DEFENSE

Even if any adverse actions were taken against the Plaintiff for reasons related to Plaintiff's protected class status or any exercise by Plaintiff of protected rights, Plaintiff would have been subject to adverse employment actions or otherwise for reasons unrelated to any protected class status or activities.

## NINTH DEFENSE

To the extent Defendant Hamby and Defendant Pulley are sued in their official capacities, Plaintiff's claims against Defendant Hamby and Defendant Pulley in their official capacities are redundant of her claims against the Buford City School District.

## TENTH DEFENSE

Defendant Hamby and Defendant Pulley named in both their individual and official capacities are improperly joined as parties to the extent that they are named in their official capacities.

## ELEVENTH DEFENSE

The Defendants sued in their official capacities or otherwise are not liable for the individual acts of any of the Defendants.

## TWELFTH DEFENSE

Defendant Hamby and Defendant Pulley are immune from some or all of Plaintiff's claims.

## THIRTEENTH DEFENSE

Any adverse action taken against Plaintiff was done so in good faith without malice or reckless indifference to Plaintiff's protected rights.

## FOURTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages. Defendant Hamby and Defendant Pulley sued in their official capacities are immune from liability for punitive damages for federal law purposes.

## FIFTEENTH DEFENSE

Plaintiff has failed to mitigate damages as required by law.

## SIXTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of estoppel and/or laches.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive, actual, special, exemplary, and/or compensatory damages.

## EIGHTEENTH DEFENSE

BCSD's interest in promoting the efficiency of the public services it performs outweighs Plaintiff's interest in engaging in the free speech she claims.

## NINETEENTH DEFENSE

Plaintiff's alleged free speech did not form a substantial part in Defendants' alleged decision to take adverse employment action against Plaintiff .

## TWENTIETH DEFENSE

BCSD's interest in promoting the efficiency of the public services it performs outweighs Plaintiff's interest in engaging in the freedom of association she claims.

## TWENTY-FIRST DEFENSE

Defendants reserve the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## TWENTY-SECOND DEFENSE

For answer to the respective paragraphs of the Complaint, Defendants show as follows:

## INTRODUCTION

1.

Defendants admit this is an action brought by Plaintiff for alleged race discrimination and retaliation and violation of her First Amendment rights. Defendants deny these claims have any merit. Defendants deny the remaining allegations pled in paragraph 1 of the Complaint.

2.

Defendants admit Plaintiff is African American and was a paraprofessional with the BCSD. Defendants deny the remaining allegations pled in paragraph 2 of the Complaint.

3.

Defendants admit this is an action brought by Plaintiff for alleged race discrimination and retaliation and violation of her First Amendment rights. Defendants deny these claims have any merit. Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in paragraph 3 of the Complaint and on that basis deny them.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### 4.

Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations pled in paragraph 4 of the Complaint and on that basis deny them.

## JURISDICTION AND VENUE

### 5.

Defendants show the allegations pled in paragraph 5 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants admit that federal question jurisdiction exists.

### 6.

Defendants show the allegations pled in paragraph 6 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants admit venue is proper.

## PARTIES

### 7.

Defendants admit Plaintiff is a black female. Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations pled in paragraph 7 of the Complaint, and on that basis, they deny them.

8.

Defendants show the allegations pled in paragraph 8 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendant BCSD admits it is a local school district and governed by a Board of Education.

9.

Defendant Hamby admits he is the Superintendent of BCSC and was during the period from 2014 to the present. Defendants admit Plaintiff purports to sue Defendant Hamby in his official capacity, as well as his individual capacity, but deny either has merit. Additionally, Defendants state the claims made against Defendant Hamby in his official capacity are redundant. Defendant Hamby admits he has been served. Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10.

Defendant Pulley admits she is the Principal of Buford Academy, a school within the BCSD, and was during the period from 2014 to the present. Defendants admit Plaintiff purports to sue Defendant Pulley in her official capacity, as well as her individual capacity, but deny either has merit. Additionally, Defendants state the claims made against Defendant Pulley in her official capacity are redundant.

Defendant Pulley admits she has been served. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

## 11.

Defendants show the allegations pled in paragraph 11 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants admit it employed Plaintiff.

## 12.

Defendants show the allegations pled in paragraph 12 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations pled in paragraph 12 of the Complaint, and on that basis Defendants deny them.

## 13.

Defendants show the allegations pled in paragraph 13 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations pled in paragraph 13 of the Complaint, and on that basis, Defendants deny them.

## FACTS

### 14.

Defendants admit generally that high schools in Buford were segregated after 1954. Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in paragraph 14 of the Complaint.

### 15.

Defendants admit the allegations contained in paragraph 15 of the Complaint.

### 16.

Defendants admit school colors of BCSD are white and green with gold trim and that these colors generally derive from a combination of the school colors from the previously-segregated high schools. Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in paragraph 16 of the Complaint, and on that basis, Defendants deny them.

### 17.

Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations pled in paragraph 17 of the Complaint, and on that basis, Defendants deny them.

18.

Defendants admit the school colors of BCSD are white and green with gold trim and that these colors generally derive from a combination of the school colors from the previously-segregated high schools.  Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in paragraph 18 of the Complaint, and on that basis, Defendants deny them.

19.

Defendants show the content of the referenced documents speak for themselves.  Defendant is without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in paragraph 19 of the Complaint.

20.

Defendants show the content of the referenced documents speak for themselves.  Defendant is without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in paragraph 20 of the Complaint.

21.

Defendants show the content of the referenced video speaks for itself. Defendant Hamby admits Plaintiff sent him an email regarding the use of school colors by the school PTO.  Defendants deny the remaining allegations pled in paragraph 21 of the Complaint.

22.

Defendant Hamby admits he met with Plaintiff to address her concerns and that he, Ms. Pulley and Plaintiff visited the PTO closet which contained spirit wear. Defendant denies the remaining allegations pled in paragraph 22 of the Complaint.

23.

Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in paragraph 23 of the Complaint.

24.

Defendants admit they are aware Plaintiff attended a Board of Education meeting and presented the Board with a document. Defendants deny the remaining allegations pled in paragraph 24 of the Complaint.

25.

Defendants admit there was a meeting with Mr. Hamby, Ms. Pulley and Plaintiff, in which Plaintiff requested Ms. Smith be present. Defendants deny the remaining allegations pled in paragraph 25 of the Complaint.

26.

Defendants deny the allegations pled in paragraph 26 of the Complaint.

27.

Defendants deny the allegations pled in paragraph 27 of the Complaint.

28.

Defendants admit Ms. Pulley asked Plaintiff to discuss her concerns with BCSD leadership as this would be the better way to effectively address them, and not in lieu of attending Board of Education meetings, which Plaintiff has regularly attended since 2014. Defendants deny the remaining allegations pled in paragraph 28 of the Complaint.

29.

Defendants admit the so-called write-up is a document with contents which speak for themselves. Defendants deny the remaining allegations pled in paragraph 29 of the Complaint.

30.

Defendants admit Plaintiff's written response to the corrective action is a document with contents which speak for themselves. Defendants deny the remaining allegations pled in paragraph 30 of the Complaint.

31.

Defendants admit Plaintiff was placed in Ms. Forbes' classroom at the beginning of the 2015-16 school year. Defendants deny the remaining allegations pled in paragraph 31 of the Complaint.

32.

Defendants admit the evaluation is a document with contents which speak for themselves. Defendants deny the remaining allegations pled in paragraph 32 of the Complaint.

33.

Defendants admit the so-called write-up is a document with contents which speak for themselves. Defendants deny the remaining allegations pled in paragraph 33 of the Complaint.

34.

Defendants admit Plaintiff's response is a document with contents which speak for themselves. Defendants deny the remaining allegations pled in paragraph 34 of the Complaint.

35.

Defendants admit Ms. Pulley spoke to Plaintiff about her conduct with the fifth-grade lunch line. Defendants deny the remaining allegations pled in paragraph 35 of the Complaint.

36.

Defendants admit the so-called write-up is a document with contents which speak for themselves. Defendants deny the remaining allegations pled in paragraph 36 of the Complaint.

37.

Defendants admit Plaintiff's response is a document with contents which speak for themselves. Defendants deny the remaining allegations pled in paragraph 37 of the Complaint.

38.

Defendants admit the BCSD terminated Plaintiff's employment on June 14, 2017. Defendants admit the letter is a document with contents which speak for themselves. Defendants deny the remaining allegations pled in paragraph 38 of the Complaint.

**<u>Count I – Race Discrimination in Violation of the Federal Equal Protection
Clause of the U.S. Constitution (asserted via 42 U.S.C. § 1983)</u>**

39.

Defendants incorporate by reference their responses to paragraphs 1 through
38 of the Complaint as though set forth specifically herein.

40.

Defendants show the allegations pled in paragraph 40 of the Complaint are
legal conclusions and need no answer. To the extent an answer is deemed
necessary, Defendants deny the allegation contained in paragraph 40 of the
Complaint.

41.

Defendants deny the allegations pled in paragraph 41 of the Complaint.

42.

Defendants deny the allegations pled in paragraph 42 of the Complaint.

43.

Defendants deny the allegations pled in paragraph 43 of the Complaint.

44.

Defendants deny the allegations pled in paragraph 44 of the Complaint.

45.

Defendants deny the allegations pled in paragraph 45 of the Complaint.

46.

Defendants deny the allegations pled in paragraph 46 of the Complaint.

47.

Defendants deny the allegations pled in paragraph 47 of the Complaint.

48.

Defendants deny the allegations pled in paragraph 48 of the Complaint.

49.

Defendants deny the allegations pled in paragraph 49 of the Complaint

50.

Defendants deny the allegations pled in paragraph 50 of the Complaint.

## **Count II – 42 U.S.C. § 1981 Race Discrimination**

51.

Defendants incorporate by reference their responses to paragraphs 1 through 50 of the Complaint as though set forth specifically herein.

52.

Defendants show the allegations pled in paragraph 52 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants deny those allegations.

53.

Defendants deny the allegations pled in paragraph 53 of the Complaint.

54.

Defendants show the allegations pled in paragraph 53 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants deny those allegations.

55.

Defendants deny the allegations pled in paragraph 55 of the Complaint.

56.

Defendants deny the allegations pled in paragraph 56 of the Complaint.

57.

Defendants deny the allegations pled in paragraph 57 of the Complaint.

58.

Defendants deny the allegations pled in paragraph 58 of the Complaint.

59.

Defendants deny the allegations pled in paragraph 59 of the Complaint.

60.

Defendants deny the allegations pled in paragraph 60 of the Complaint.

61.

Defendants deny the allegations pled in paragraph 61 of the Complaint.

62.

Defendants deny the allegations pled in paragraph 62 of the Complaint.

63.

Defendants deny the allegations pled in paragraph 63 of the Complaint.

64.

Defendants deny the allegations pled in paragraph 64 of the Complaint.

65.

Defendants deny the allegations pled in paragraph 65 of the Complaint.

66.

Defendants deny the allegations pled in paragraph 66 of the Complaint.

67.

Defendants deny the allegations pled in paragraph 67 of the Complaint.

68.

Defendants deny the allegations pled in paragraph 68 of the Complaint.

## Count III – Retaliation

### 69.

Defendants incorporate by reference their responses to paragraphs 1 through 68 of the Complaint as though set forth specifically herein.

### 70.

Defendants show the allegations pled in paragraph 70 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants deny those allegations.

### 71.

Defendants deny the allegations pled in paragraph 71 of the Complaint.

### 72.

Defendants admit Plaintiff is black. Defendants deny the remaining allegations pled in paragraph 72 of the Complaint.

### 73.

Defendants show the allegations pled in paragraph 73 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants deny those allegations.

### 74.

Defendants deny the allegations pled in paragraph 74 of the Complaint.

75.

Defendants deny the allegations pled in paragraph 75 of the Complaint.

76.

Defendants deny the allegations pled in paragraph 76 of the Complaint.

77.

Defendants deny the allegations pled in paragraph 77 of the Complaint.

78.

Defendants deny the allegations pled in paragraph 78 of the Complaint.

79.

Defendants deny the allegations pled in paragraph 79 of the Complaint.

80.

Defendants deny the allegations pled in paragraph 80 of the Complaint.

81.

Defendants deny the allegations pled in paragraph 81 of the Complaint.

82.

Defendants deny the allegations pled in paragraph 82 of the Complaint.

83.

Defendants deny the allegations pled in paragraph 83 of the Complaint.

84.

Defendants deny the allegations pled in paragraph 84 of the Complaint.

85.

Defendants deny the allegations pled in paragraph 85 of the Complaint.

86.

Defendants deny the allegations pled in paragraph 86 of the Complaint.

## Count IV – First Amendment Right to Freedom of Speech

87.

Defendants incorporate by reference their responses to paragraphs 1 through 86 of the Complaint as though set forth specifically herein.

88.

Defendants show the allegations pled in paragraph 88 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants deny those allegations.

89.

Defendants deny the allegations pled in paragraph 89 of the Complaint.

90.

Defendants deny the allegations pled in paragraph 90 of the Complaint.

91.

Defendants deny the allegations pled in paragraph 91 of the Complaint.

92.

Defendants deny the allegations pled in paragraph 92 of the Complaint.

93.

Defendants deny the allegations pled in paragraph 93 of the Complaint.

94.

Defendants deny the allegations pled in paragraph 94 of the Complaint.

**Count V – First Amendment Right to Freedom of Association**

95.

Defendants incorporate by reference their responses to paragraphs 1 through 94 of the Complaint as though set forth specifically herein.

96.

Defendants admit Plaintiff is black. Defendants show the remaining allegations pled in paragraph 96 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants deny those allegations.

97.

Defendants show the allegations pled in paragraph 97 of the Complaint are legal conclusions and need no answer, but to the extent they require an answer, Defendants deny those allegations.

98.

Defendants deny the allegations pled in paragraph 98 of the Complaint.

99.

Defendants deny the allegations pled in paragraph 99 of the Complaint.

100.

Defendants deny the allegations pled in paragraph 100 of the Complaint.

101.

Defendants deny the allegations pled in paragraph 101 of the Complaint.

102.

Defendants deny the allegations pled in paragraph 102 of the Complaint.

103.

Defendants deny the allegations pled in paragraph 103 of the Complaint.

104.

Defendants deny Plaintiff is entitled to any of the relief set forth in her Prayer for Relief in sections (A) through (J) of the Complaint and denies Plaintiff is

entitled to any relief whatsoever.

Any allegations in the Complaint not heretofore answered, qualified, or denied are here any now denied as though set forth specifically and denied.

**WHEREFORE**, Defendants respectfully requests this Court:

1.  Dismiss with prejudice Plaintiff's Complaint as to Plaintiff's claims pled against them;

2.  Award Defendants their reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988 or otherwise; and

3.  Award any and all other relief to Defendants that this Court may deem necessary and proper.

Dated: August 1, 2018.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*s/ Brenton S. Bean*
Brenton S. Bean
Georgia Bar No. 044351
Michael M. Hill
Georgia Bar No. 770486

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
T: 770.818.0000; F: 770.937.9960
E: bbean@fmglaw.com
E: mhill@fmglaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the within and foregoing **DEFENDANTS'**

**ANSWER** with the Clerk of the Court utilizing the Court's ECF filing system

which will automatically electronic copies of same to counsel of record as follows:

Edward D. Buckley
Brian J. Southerland
BUCKLEY BEAL, LLP
Promenade, Suite 900
1230 Peachtree Street, NE
Atlanta, GA  30339

Georgia Weaver
HALLBERG & WEAVER, LLP
2921 Piedmont Road, NE, Ste. C
Atlanta, GA  30305

This 1st day of August 2018.

*s/ Brenton S. Bean*
Brenton S. Bean
Georgia Bar No. 044351